```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

PERRY ADDAIR and
SANDRA ADDAIR,

    Plaintiffs,

v.                              CIVIL ACTION NO. 1:08-1428

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Ameribank, Inc.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion to dismiss filed by defendant Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Ameribank, Inc. (Doc. # 13). For reasons discussed more fully below, that motion is GRANTED.

## Background

This civil action arises out of Ameribank's handling of plaintiffs' application for a debt consolidation loan from Ameribank. See Complaint generally. According to plaintiffs, on or about September 25, 2003, Ameribank told them their loan application was approved in the amount of $12,000.00 and that they would have "immediate access" to the loan proceeds. Id. at ¶¶ 7-8. Relying on the assurances of Ameribank regarding the approval of their loan, plaintiffs began writing checks on their account believing that the loan had been disbursed. Id. at ¶ 9. Thereafter, on or about October 11, 2003, Ameribank informed plaintiffs that their application had actually been denied. Id.

at ¶ 10.  The checks that plaintiffs had written in reliance on the loan proceeds were returned for insufficient funds.  Id. at ¶¶ 11-12.  Because the checks were not honored, plaintiffs "incurred substantial fees from Ameribank and payees on multiple checks, as well as criminal prosecution for worthless check criminal charges."  Id. at ¶ 12.

Thereafter, on July 20, 2007, plaintiffs filed the instant complaint in the Circuit Court of McDowell County.  The Complaint alleges causes of action against Ameribank for breach of contract, violation of the West Virginia Consumer Protection Act, and fraud.  Id. at ¶¶ 14-25.

On September 19, 2008, the Office of Thrift Supervision closed Ameribank and appointed the FDIC as Receiver.  Pursuant to 12 U.S.C. § 1821(d)(3)(B)(i) and (ii), the FDIC published notice of its appointment to all creditors of Ameribank in various publications, including The Welch News, a newspaper in McDowell County, West Virginia, on September 26, 2008; October 27, 2008; and November 26, 2008.  See Exhibit A to FDIC's Motion to Dismiss.  These notices also advise creditors of Ameribank to submit all claims to the Receiver by the Claims Bar Date of December 26, 2008.  Id.

On December 17, 2008, the FDIC filed a Motion to Substitute, in the McDowell County Circuit Court, seeking to substitute the FDIC as Receiver for Ameribank.  On that same day, the FDIC

removed the case to federal court. On January 20, 2009, the FDIC moved to stay this action for a period of 90 days, pursuant to the statutory stay provisions of 12 U.S.C. § 1821(d)(12)(A)(ii). That motion was granted on May 7, 2009, and the case was stayed until June 3, 2009.

During this stay, on May 14, 2009, the FDIC mailed a Notice to Discovered Creditor and Proof of Claim Form to plaintiffs, care of their attorney. See Exhibit B to FDIC's Motion to Dismiss. In the Notice to Discovered Creditor, the FDIC states that it published notice in The Welch News and The Times Leader that any claims against Ameribank must be filed with the FDIC by the Claims Bar Date of December 26, 2008. The Notice further stated, however, that if a Claimant could satisfy certain statutory exceptions contained in 12 U.S.C. § 1821(d)(5)(C), the Receiver would consider a late-filed claim. Id. Plaintiffs were directed to "[p]rovide supporting documentation both regarding your claim and your lack of knowledge of the appointment of the Receiver. . . ." Id. The notice gave plaintiffs a deadline of August 17, 2009, to file a claim. Id. On or about August 17, 2009, plaintiffs returned the Proof of Claim form to the Receiver. See Exhibit C to FDIC's Motion to Dismiss. The Proof of Claim submitted by plaintiffs provided no supporting documentation for their claim other than providing a copy of the Complaint filed in this case. Id. It also did not indicate, by

evidence or otherwise, that plaintiffs failed to receive notice of the appointment of the Receiver.  Id.

In its motion to dismiss, the FDIC argues that the court lacks subject matter jurisdiction over plaintiffs' complaint based on plaintiffs' failure to pursue its administrative remedies.  Plaintiffs did not file a response to the motion to dismiss.

## Analysis

"[The Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA")] was enacted in 1989 as an emergency measure to enable the RTC and the Federal Deposit Insurance Corporation ("FDIC") to resolve and liquidate expeditiously the hundreds of failed financial institutions throughout the country."  Tillman v. Resolution Trust Corp., 37 F.3d 1032, 1035 (4th Cir. 1994).  Section 1821(d) of FIRREA sets forth an administrative process for the receiver of a failed financial institution to settle claims against the institution and liquidate its assets."  12 U.S.C. § 1821(d); Elmco Properties, Inc. v. Second National Federal Savings Assoc., 94 F.3d 914, 919 (4th Cir. 1996); see also  Brady Development Co., Inc. v. Resolution Trust Corp., 14 F.3d 998, 1002 (4th Cir. 1994) (FIRREA "sets forth a detailed series of rules under which all claims

involving an insolvent institution are received and handled.") (<u>citing</u> 12 U.S.C. § 1821(d)).

> Upon becoming receiver, the RTC [or FDIC] must promptly publish notice to the institution's creditors that they must present their claims before a certain date - - the "bar date" - - which is to be at least ninety days after publication of the notice. § 1821(d)(3)(B)(i). Furthermore, the RTC must mail a similar notice to (1) creditors appearing on the institution's books, and (2) claimants not appearing on the books but whose names and addresses the RTC later discovers.

<u>Elmco Properties</u>, 94 F.3d at 919. "Congress required persons making claims against a failed financial institution or seeking to adjudicate rights against them to present their claims first to the receiver for resolution. More specifically, under 12 U.S.C. § 1821(d), a claimant must present his claim to the receiver for an initial determination of whether the claim should be allowed within 90 days of the publication of notice by the receiver." <u>Tillman v. Resolution Trust Corp.</u>, 37 F.3d 1032, 1035 (4th Cir. 1994).

After a claim is submitted, the receiver has 180 days from the date of filing to allow or disallow the claim. 21 U.S.C. § 1821(d)(5)(A)(i). If the FDIC disallows the claim or fails to make a determination within 180 days, the claimant may seek judicial review. <u>Elmco Properties</u>, 94 F.3d at 919.

> But, unless a claim is first presented to the RTC for resolution, no court has jurisdiction over it. These provisions combine to create an exhaustion requirement that, [the Fourth Circuit has] concluded, is "absolute and unwaivable." Importantly, FIRREA does not allow waiver of the exhaustion requirement even for claimants

>to whom the [FDIC] failed to mail the required notice of the claims process and bar date.

Id. The Fourth Circuit has "held that a plaintiff's failure to exhaust the administrative process deprives the courts of subject matter jurisdiction." Tillman v. Resolution Trust Corp., 37 F.3d 1032, 1035 (4th Cir. 1994).

As noted above, claims filed after the claims bar date "shall be disallowed and such disallowance shall be final." There is, however, one exception. A claim filed after the claims bar date "may be considered by the receiver if -- (I) the claimant did not receive notice of the appointment of receiver in time to file such claim before such date; and (II) such claim is filed in time to permit payment of such claim." 12 U.S.C. § 1821(d)(5)(C)(ii).

>One exception exists to the rule presented in 12 U.S.C. § 1821(d)(5)(C)(i). Section 1821(d)(5)(C)(ii) provides that if a claimant establishes that she did not receive notice of the appointment of the receiver in time to file her claim before the bar date, a receiver may consider her late-filed claim. [Claimants] have never alleged that they were not aware of the appointment of a receiver; they alleged in their filing of claim with the FDIC only that they had no notice of a time bar to their filing a claim . . . . This contention does not suffice:
>
>>By its terms . . . the exception [in § 1821(d)(5)(C)(ii) ] only applies to claimants who do not receive notice of the fact of the appointment of a receiver. The exception makes no reference to claimants who are aware of the appointment of a receiver but who do not receive notice of the filing deadline. Therefore, a claimant's assertion that he or she was not made aware of the filing

6

> deadline, as distinct from an assertion that the claimant was not aware of the fact of receivership, does not bring the claimant within the exception.

FDIC v. Atchison & Keller, 913 F. Supp. 19, 25 (D.D.C. 1996) (quoting McLaughlin v. FDIC, 796 F. Supp. 47, 49 (D. Mass. 1992) (internal citations omitted)). Furthermore, "[t]he discretion conferred by § 1821(d)(5)(C)(ii) is narrowly drawn, and the FDIC loses this discretion after the claimant has notice of its status as receiver." Paul v. FDIC, 91 F.3d 110, 112 (11th Cir. 1996).

The claim submitted by plaintiffs herein was filed after the claims bar date. Therefore, the FDIC may consider the claim only if plaintiffs did not receive notice of the appointment of the FDIC as receiver before the claims before date. Plaintiffs do not contend that they did not receive such notice nor is there any evidence in the record to suggest they did not. Accordingly, the FDIC's motion to dismiss must be GRANTED.

## Conclusion

Because the plaintiffs had notice of the FDIC's appointment as Receiver of Ameribank prior to the Claims Bar Date and failed to file a claim before expiration of that date, this court is without jurisdiction to consider plaintiffs' claims against the FDIC as Receiver for Ameribank. For this reason, the motion to dismiss is GRANTED.

The Clerk is requested to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 14th day of July, 2011.

                              ENTER:

                              */s/ David A. Faber*
                              David A. Faber
                              Senior United States District Judge